# Third District Court of Appeal

## State of Florida

Opinion filed September 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1177
Lower Tribunal No. 16-24044-FC-04

_____

**Richard Fields,**
Petitioner,

vs.

**Brandy Coletta,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kaplan Loebl, PLLC, and Daniel Kaplan, Liliana Loebl, and Amanda B. Haberman, for petitioner.

Nancy A. Hass, P.A., and Nancy A. Hass (Hollywood), for respondent.


Before LOGUE, C.J., and FERNANDEZ and LOBREE, JJ.

LOGUE, C.J.

In this family law case, a husband petitions to quash an order requiring him to produce various business and financial records including federal and state tax returns, the financial statements of businesses he owned, records

concerning the sale of those businesses, bank statements, and credit card statements, among other things. He maintains the records are privileged under his right against self-incrimination afforded by the Fifth Amendment to the United States Constitution because they might show he is in criminal contempt of various discovery orders. His opposing counsel has threatened criminal contempt, but no motion to hold him in criminal contempt has been filed.

We deny the petition because "the Fifth Amendment would not be violated by the fact alone that the [tax and business] papers on their face might incriminate the [Petitioner], for the privilege protects a person only against being incriminated by his own compelled testimonial communications." Fisher v. United States, 425 U.S. 391, 409 (1976). And the record does not indicate the act itself of producing the records in this context is testimonial in nature as the records have been generated or already shared with third parties. Cf. United States v. Doe, 465 U.S. 605, 617 (1984).

Petition denied.